IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEANDRA STEPHENSON**  **PETITIONER**
*ADC #138392*

V.  NO. 4:22-CV-00267-KGB-JTK

**DEXTER PAYNE, Director**
*Arkansas Division of Correction*  **RESPONDENT**

## RECOMMENDED DISPOSITION

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A 149
>Little Rock, AR 72201-3325

### Introduction

Petitioner, DeAndra Stephenson, is a prisoner currently confined to the East Arkansas Regional Unit of the Arkansas Department of Corrections. On March 22, 2022, Stephenson initiated this 28 U.S.C. § 2254 habeas action (Doc. No. 2).

### Background

On March 14, 2007, Stephenson was convicted of two counts of capital murder and one count of terroristic acts and was sentenced to life imprisonment without parole plus an additional 45 consecutive years due to enhancements. He appealed his conviction to the Arkansas Supreme Court, arguing that the evidence was insufficiently corroborated under Arkansas's accomplice-corroboration rule. The Court affirmed his convictions on April 10, 2008. *Stephenson v. State*, 373 Ark. 134, 282 S.W.3d 772 (2008). Pursuant to a rule requiring review of all adverse rulings in cases involving life sentences or the death penalty, the Arkansas Supreme Court also found that the trial judge did not abuse his discretion by denying Stephenson's pre-trial motion to recuse. Petitioner did not seek certiorari.

Stephenson next sought postconviction relief pursuant to Ark. R. Crim. P. 37.1 by filing three petitions: an unverified, nineteen-page "Amended Petition for Relief" dated May 9, 2008; a verified, nine-page "Rule 37 Petition" dated May 29,, 2008; and a verified, five-page "Amended

Petition for Relief" dated December 21, 2009. The petitions sought relief based on arguments that his trial counsel was ineffective, but the circuit court denied relief on March 5, 2010. The circuit court only addressed the first and third petitions. The Arkansas Supreme Court dismissed Stephenson's appeal because the trial court lacked jurisdiction to rule on the first petition since it was unverified, did not address the second petition, and lacked jurisdiction to rule on the third petition because it was filed after the time for filing had expired. *Stephenson v. State*, 2011 Ark. 506, 2011 WL 5995557 (December 1, 2011).

On March 20, 2012, Stephenson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 arguing 1) the trial court erred in denying his directed verdict regarding sufficiency of the evidence, 2) he was denied due process when the trial judge failed to recuse himself, and 3) his trial counsel was ineffective for failing to conduct an adequate pretrial investigation and not introducing the testimony of Theresa Stephenson. In June of 2014 this Court filed Proposed Findings and Recommendations recommending that Stephenson's habeas petition be denied and dismissed with prejudice. *Stephenson v. Hobbs*, 5:12-CV-00106 (Doc. No. 33) The United States District Judge adopted the Court's findings in their entirety, denying relief and dismissing Stephenson's petition. *Id.* at (Doc. Nos. 37 and 38). The Eighth Circuit denied Stephenson's application for certificate of appealability and dismissed the appeal. Mandate issued on January 25, 2016. *Id.* at (Doc. Nos. 40 – 50) Stephenson's petition for Writ of Certiorari filed in the United States Supreme Court was likewise denied *Id.* at (Doc. No. 55).

Stephenson subsequently filed a Motion for relief from Judgment pursuant to Rule 60(b)(1) and (2) to add additional evidence of his actual innocence. *Id.* at (Doc. No. 56) The District Court construed Stephenson's motion to be a second or successive habeas petition pursuant to 28 U.S.C. § 2254 and denied the motion without prejudice for failure to seek permission from the Eighth

Circuit. *Id.* (Doc. No. 59). Stephenson has now filed this instant petition for writ of error coram nobis, which the Court construes as a writ of habeas corpus under 28 U.S.C § 2254.

## Discussion

A claim presented under a writ of coram nobis requires that petitioner no longer be in custody. Eighth Circuit coram nobis case law deals with post-judgment challenges brought by defendants. *See United States v. Rice*, 379 F. Supp. 2d 1007, 1010 (S.D. Iowa 2005) *e.g.*, *United States v. Little*, 608 F.2d 296, 299 n.5 (8th Cir. 1979) (listings the types of situations in which the writ is proper: "Coram nobis lies only where the petitioner has completed his sentence and is no longer in federal custody, *Gajewski v. United States*, 368 F.2d 533 (8th Cir. 1966), is serving a sentence for a subsequent state conviction, *United States v. Morgan*, 346 U.S. 502, 98 L. Ed. 248, 74 S. Ct. 247 (1954); *Azzone v. United States*, 341 F.2d 417 (8th Cir. 1965), or has not begun serving the federal sentence under attack, *Thomas v. United States*, 106 U.S. App. D.C. 234, 271 F.2d 500 (D.C. Cir. 1959)"); see also *Curtiss v. United States*, 511 U.S. 485, 512 n.7, 128 L. Ed. 2d 517, 114 S. Ct. 1732 (1994) (stating that the writ of coram nobis is available, in the proper circumstances, to challenge a prior conviction relied upon at sentencing to enhance that sentence) (Souter, J., dissenting). Because Stephenson is in ADC custody serving his sentence for state convictions, the Court construes his petition as a writ of habeas corpus.

After a § 2254 habeas petition is filed, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires that the district court conduct an initial review and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it is clear from initial review that the Court lacks subject matter jurisdiction to consider Stephenson's claims.

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a *prima facie* showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. See 28 U.S.C. § 2254 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is a successive petition. Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this petition. He may not file a successive petition in this Court without permission of the Eighth Circuit. Thus, The Court recommends that Judge Baker **DENY** and **DISMISS**, without prejudice, DeAndra Stephenson's petition for writ of habeas corpus (Doc. No. 2) for lack of jurisdiction, and that she **DENY** Stephenson's pending motions: Motion to proceed in forma pauperis (Doc. No. 1); Motion to Appoint Counsel (Doc. No. 3) as moot.

**Conclusion**

**IT IS THEREFORE RECOMMENDED** that:

1. Petitioner Deandra Stephenson's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be **DISMISSED** without prejudice.

2. A certificate of appealability be **DENIED** pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

3. Petitioner's Motion for Leave to proceed in forma pauperis (Doc. No. 1) and Motion to Appoint Counsel (Doc. No. 3) be denied as moot.

IT IS SO ORDERED this 11th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE