IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEANDRA STEPHENSON**
**ADC # 138392**                                                                                  **PETITIONER**

v.                              Case No. 4:22-cv-00267-KGB

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                **RESPONDENT**

### ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 4). Judge Kearney, construing petitioner DeAndra Stephenson's motion in nature of writ of error *coram nobis* pursuant to All Writs Statute 28 U.S.C.A. § 1651 ("motion for *coram nobis* relief") as a successive petition for a writ of *habeas corpus*, recommends that this Court dismiss Mr. Stephenson's petition, deny a certificate of appealability, and deny all remaining pending motions as moot (*Id.*, 4–6). Mr. Stephenson filed timely objections, arguing that the Recommendation was wrong to construe his motion for *coram nobis* relief as a petition for a writ of *habeas corpus* (Dkt. No. 5, at 1). Mr. Stephenson maintains that this Court may properly issue a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651 (*Id.*).

After a careful review of the Recommendation, Mr. Stephenson's objections, and a *de novo* review of the record, the Court adopts the Recommendation as this Court's findings in all respects (Dkt. No. 4). The Court writes separately to address certain of Mr. Stephenson's objections (Dkt. No. 5).

Mr. Stephenson maintains that the Recommendation incorrectly construed his motion for *coram nobis* relief as a petition for a writ of *habeas corpus* (Dkt. No. 5, at 1). Mr. Stephenson

then argues that this Court may properly issue a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, citing several cases to bolster his argument (*Id.*, at 1–5).  The Court is not persuaded by Mr. Stephenson's objections.

A prisoner in state custody may not make use of a petition for a writ of error *coram nobis* to challenge his state criminal conviction in federal court.  *See Menchaca v. Nebraska*, Case No. 8:18-cv-193, 2018 WL 3009118, at *1 (D. Neb. June 15, 2018) (unpublished); *Borrero v. United States*, Case No. CIV. 08-315 DSD/FLN, 2008 WL 2357834, at *2 (D. Minn. June 5, 2008) (unpublished) (explaining that a petition for a writ of *coram nobis* is not a viable alternative means of challenging a state criminal conviction by an in-custody prisoner).  In *United States v. Morgan*, 346 U.S. 502, 505–11 (1954), the Supreme Court held that a writ of *coram nobis* may be used to correct errors that occurred during the course of a criminal proceeding but only in the court of conviction as part of the original criminal case.  *See also Booker v. State of Arkansas*, 380 F.2d 240, 243 (8th Cir. 1967) ("[p]rocedurally, *coram nobis* is a step in the original criminal proceeding itself"); *Trackwell v. Nebraska*, 126 Fed.Appx. 336 (8th Cir. 2005) (unpublished) ("a defendant may seek *coram nobis* relief only from the court that rendered judgment").  In other words, "[b]ecause *coram nobis* relief must be sought in the court of conviction, such relief is not available in *federal court*, for individuals who are challenging a conviction entered in a *state court*."  *Borrero*, 2008 WL 2357834 at *2 (collecting cases) (emphasis added).  Despite Mr. Stephenson's contentions to the contrary, based on this controlling law, the Court concludes that Mr. Stephenson does not qualify in this Court for *coram nobis* relief.

The Recommendation, having correctly concluded that this Court could not issue a writ of *coram nobis* in the instant action, construed Mr. Stephenson's petition as one for *habeas* relief under 28 U.S.C. § 2254 (Dkt. No. 4, at 4).  The Recommendation appropriately construed Mr.

Stephenson's motion for *coram nobis* relief as a petition for *habeas* relief because Mr. Stephenson, as a *pro se* litigant, is owed a liberal construction of the documents he files. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Absent this liberal construction, Mr. Stephenson's motion for *coram nobis* relief would have been dismissed for the reasons discussed above. *See generally Menchaca*, 2018 WL 3009118, at *1. After construing Mr. Stephenson's motion for *coram nobis* relief as a petition for *habeas* relief, the Recommendation, having reviewed extensively the procedural history of this case, concluded that Mr. Stephenson's petition was a second or successive *habeas* petition, which required permission from the United States Court of Appeals for the Eighth Circuit to proceed (Dkt. No. 4, at 5). The record does not indicate that Mr. Stephenson sought such approval from the Eighth Circuit as required by 28 U.S.C. § 2254(b)(3)(A) before filing in this Court. For these reasons, the Recommendation concluded, and this Court agrees, that Mr. Stephenson's petition should be dismissed (Dkt. No. 4, 4–6).

For the foregoing reasons, following a *de novo* review of the record, the Court adopts the Recommendation as this Court's findings in all respects (Dkt. No. 4). The Court construes as a second or successive habeas petition Mr. Stephenson's motion in nature of writ of error *coram nobis* pursuant to All Writs Statute 28 U.S.C.A. § 1651 (Dkt. No. 2), and the Court denies the petition. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court denies a certificate of appealability. 28 U.S.C. § 2253(c)(2). The Court also denies as moot Mr. Stephenson's motion for leave to proceed *in forma pauperis* and motion for appointment of counsel (Dkt. Nos. 1; 3).

It is so ordered this 17th day of January, 2023.

*Kristine G. Baker*
_____
Kristine G. Baker
United States District Judge